ACCEPTED
06-16-00050-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
9/8/2016 5:39:10 PM
DEBBIE AUTREY
CLERK

## NO. 06-16-00050-CV

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

9/9/2016 8:15:00 AM

DEBBIE AUTREY
Clerk

*IN THE COURT OF APPEALS*

*FOR THE SIXTH DISTRICT OF TEXAS*

*AT TEXARKANA*

---

## LATASHA JAMES

## APPELLANT

## VS.

## THOMAS W. KRUDEWIG CRNA, PLLC

## APPELLEE

---

*On appeal from the 71ST Judicial District Court of Harrison County, Texas*

*In Cause No.15-0689*

————

## APPELLANT'S BRIEF

————

Counsels of Record


**William T. Hughey, Esq.**

**P.O. Box 2012**

**Marshall, Texas 75671**

**Hugheylaw@sbcglobal.net**

**Ph. 903-935-5550**

**Fax 866-823-7185**

## LIST OF PARTIES

**APPELLANT**

Latasha James

**APPELLEE**

Thomas W. Krudewig CRNA,PLLC

**APPELLANT COUNSEL  TRIAL LEVEL**

William T. Hughey, Esq.

**APPELLEE COUNSEL TRIAL LEVEL**

Cooper & Scully. P.C

**APPELLANT'S ATTORNEY ON APPEAL**

William T. Hughey, Esq.

P.O. Box 2012

Marshall, Texas 75671

**APPELLEE ATTORNEY ON APPEAL**

Cooper & Scully, P.C.

900 Jackson St. Ste. 900

Dallas, Texas 75202

# TABLE OF CONTENTS

LIST OF PARTIES…………………………………………………ii

INDEX OF AUTHORITIES……………………………………..v

STATEMENT OF THE CASE…………………………………..1-2

ISSUE PRESENTED…………………………………………..2

*Is Plaintiff's List A Informed Consent Cause of Action governed*

*by the Expert Report Requirement under to Chapter 74, Sec. 74.351*

STATE OF FACTS……………………………………………2-5

SUMMARY OF ARUMENT………………………………….5-6

ARGUMENT…………………………………………………..6-7

PRAYER……………………………………………………….8

CERTIFICATE OF SERVICE………………………………….8

CERTIFICATE OF COMPLIANCE…………………………..8

# INDEX OF AUTHORITIES

**Cases**                                    **Pages**

*Binur, M.D. v. Jacobo*, 135 S.W.3d 646,

Supreme Court of Texas 2004………………………... 6, 7

**Statutes**

Chapter 74, Sec. 74.351………………………………….. 2

Chapter 74, Sec. 74.102…………………………………..4,5

Chapter 74, Sec. 74.104…………………………………..5

Chapter 74, Sec. 74.105…………………………………..5

Texas Administrative Code §601.2 (a)………………..5

6.02 of former article 4590i…………………………….6

**TO THE HONORABLE COURT OF APPEALS:**

Appellant respectfully submits the instant brief. This is an appeal from The 71st Judicial District Court Harrison County Texas, Cause No.15-0689.

## Statement of the Case

Appellant Latasha James on September 30, 2015, filed an Original Petition against Defendant Thomas Krudewig, CRNA; pursuant to the Texas Chapter 74 Malpractice Act. (CR 5). On October 28, 2015, Defendant filed an Answer to Plaintiff's Original Petition

Appellant Latasha James on February 10, 2016 , filed an Amended Petition against Defendant Thomas Krudewig, CRNA; (CR 16) The Amended Petition contained all previous allegations against Defendant and added that On October 1, 2015 , Defendant's Agent Thomas Krudewig a Certified Registered Nurse Anesthetist (CRNA) rendered Health Care Service to Plaintiff Latasha James and fail to obtain an Informed Consent Form signed by Plaintiff prior to the Application of Anesthesia which is a List A procedure under §601.2 requiring "Full Disclosure of Specific Risks and Hazards". (CR 13)

Defendant Krudewig on March 3, 2016 filed a Motion to Dismiss based on Plaintiff's failure to file an Expert Report pursuant to Chapter 74, Sec. 74.351.(CR

1

24-26) On April 1, 2016 the court entered an order granting the request dismissal. (CR 28). Plaintiff on May 2, 2016 filed a timely Notice of Appeal. (CR 33)

## ISSUES PRESENTED

Is Plaintiff's List A Informed Consent Cause of action governed by the Expert Report Requirement under to Chapter 74, Sec. 74.351.

## STATEMENT OF FACTS

Appellant Latasha James on September 30, 2015, filed an Original Petition against Defendant Thomas Krudewig, CRNA; pursuant to the Texas Chapter 74 Malpractice Act. (CR 5). On October 1, 2013, Plaintiff Latasha James (herein Plaintiff) presented for day surgery at Good Shepherd Medical Center, Marshall, Texas. Plaintiff who was pregnant was schedule for a McDonald Cerclage, medical procedure to be performed by Surgeon, Vanessa L. Miller, MD. Defendant's Thomas Krudewig a Certified Registered Nurse Anesthetist (CRNA) was contracted to for the application of Anesthesia for the procedure. Defendant Agent Thomas Krudewig CRNA utilized a Spinal Anesthesia on the person of Plaintiff Latasha James. (CR 6) The surgery was successfully performed by Vanessa L. Miller, M.D. (CR 6) Plaintiff was transported to the Post-Anesthesia Care Unit,

Plaintiff eventually was released to go home but was still feeling numbness in her lower extremities which impacted her ability to walk. (CR 6) On October 2, 2015, Plaintiff with the aid of her mother returned to Good Shepherd Medical Center, Marshall entering and being triage in the Emergency Room. Plaintiff was, shaking, had numbness, weakness in her lower extremities and an involuntary head nodding. Plaintiff was eventually transported to Good Shepherd Medical Center where she was admitted and hospitalized for a period of time. Plaintiff following her released returned home with the following health problems and limitations (1) Uncontrollable head movement with pain in neck,(2) Burning pain in her buttocks (3) Tingling in her back and legs,(4) Loss of bladder control at times, (5) Pain in her lower back,(6) Inability to walk without assistance and or use of walker,(7) Difficulty with basic daily activities, (8) Need for assistance caring for son ,not being able to carry him(9) Need for assistance with house work, cooking and self-care, (10) Unable to walk up flight of Stairs and (11) Need for assistance getting out of bed daily because of back stiffness. All of the health problems and limitations did not exist prior to October 1, 2013 but now are a daily part of Plaintiff's life. (CR 6) Plaintiff furthered alleged that the symptoms that Plaintiff was displaying on October 1st ,2nd and thereafter were consistent with Spinal Hematoma. (CR 7) However Defendant Thomas Krudewig a Certified Registered

3

Nurse Anesthetist (CRNA) never stepped forwarded with the information and its connection to the Spinal Anesthesia he applied on the person of Plaintiff Latasha James. (CR 7)

Appellant Latasha James on February 10, 2016 , filed an Amended Petition against Defendant Thomas Krudewig, CRNA; (CR 16) The Amended Petition contained all previous allegations against Defendant and added that On October 1, 2015 , Defendant's Agent Thomas Krudewig a Certified Registered Nurse Anesthetist (CRNA) rendered Health Care Service to Plaintiff Latasha James and Fail to obtain an Informed Consent Form signed by Plaintiff prior to the Application of Anesthesia which is a List A procedure under §601.2 requiring "Full Disclosure of Specific Risks and Hazards" and that the Defendant post-surgery had knowledge that the symptoms that Plaintiff was displaying on October 1st ,2nd and thereafter were consistent with Spinal Hematoma and or Side effects Risk associated with the administration of Spinal Anesthesia which dictates Disclosure and Consent pursuant to List A under Chapter 601 (Texas Medical Disclosure Panel Informed Consent) which implements the requirement of Texas Civil Practice and Remedies Code, Chapter 74, Medical Liability, Subchapter C, §74.102 (relating to Texas Medical Disclosure Panel)(CR 19-20)

Defendant Krudewig on March 3, 2016 filed a Motion to Dismiss based on Plaintiff's failure to file an Expert Report pursuant to Chapter 74, Sec. 74.351.(CR 24-26) On April 1, 2016 the court entered an order granting the request dismissal. (CR 28). Plaintiff on May 2, 2016 file a timely Notice of Appeal. (CR 33)

## SUMMARY OF ARGUMENT

Texas Civil Practice and Remedies Code Chapter 74, Medical Liability, Subchapter C §74.102 (relating to Texas Medical Disclosure Panel) addresses the necessity that Patients should be afford information associated with certain risk which comes with health care procedures. The Texas Administrative Code Chapter 601: Informed Consent details those procedures and designates them as List A and List B Procedures. List A Procedures are those which the Panel has identified and listed as those which require full disclosure ; a failure to disclose  create a rebuttal presumption of a negligent failure to conform to the duty of disclosure set forth in Sections 74.104 and 74.105.  Plaintiff  Informed Consent cause of action associated with the Anesthesia procedure received by her is a List A Procedure listed under Texas Administrative Code  § 601.2 (a). It is Plaintiff's position that the Panel Designation of the procedure as a List A negates the needs for an Expert

5

Report on her negligence cause of action against Defendant based on his failure to inform.

**ARGUMENT**

In *Binur, M.D. v. Jacobo*, 135 S.W.3d 646, Supreme Court of Texas 2004, the Court provided a brief history on the concept of informed consent and in particular the impact of a health care provider failure to provide Informed Consent for those procedures designated as List A procedures the *Binur* Court stated:

A claim by a patient that a health care provider failed to obtain informed consent to medical care or a surgical procedure is governed by section 6.02 of former article 4590i. While this case was pending on appeal, the Legislature amended parts of article 4590i and recodified it in 2003 as chapter 74 of the Texas Civil Practice and Remedies Code. Former section 6.02 is now section 74.101 of that Code. Because former section 6.02 continues to govern this case, and the court of appeals' opinion as well as the parties' briefing cite it, we will cite to that section rather than its recodification.

Former section 6.02 says:

In a suit against a physician or health care provider involving a health care liability claim that is based on the failure of the physician or health care provider to describe or adequately to disclose the risks and hazards involved in the medical care or surgical procedure rendered by the physician or health care provider, the only theory on which recovery may be obtained is that of negligence in failing to disclose the risks or hazards that could have influenced a reasonable person in making a decision to give or withhold consent.

The court of appeals correctly noted that the Medical Liability and Insurance Improvement Act, embodied in former article 4590i, created the Texas Disclosure Panel to promulgate a list, known as List A, that identifies procedures for which some disclosure is required and the risks or hazards of those procedures. If a health care provider discloses the risks or hazards identified in List A for a procedure,

there is a rebuttable presumption that the health care provider was not negligent in obtaining informed consent. Conversely, failure to disclose the risks or hazards identified in List A for a particular procedure will create a rebuttable presumption that the health care provider was negligent in failing to disclose those risks or hazards. (*Binur at 654*)

The Plaintiff has clearly articulated in her First Amended Petition an informed consent violation associate with defendant's failure to inform her with the risk associated with the Anesthesia procedure received by her ; Anesthesia is List A Procedure listed under Texas Administrative Code § 601.2 (a). In this context that the "Texas Medical Disclosure Panel" has already established the failure to inform as to this procedure create a rebuttable presumption that the health care provider was negligent in failing to disclose those risks or hazards. In light of the presumption Plaintiff would tender to the Court that the rebuttable presumption that the health care provider was negligent in failing to disclose those risks or hazards negates the necessity for an Expert Report. In keeping with this argument although Plaintiffs Malpractice claim is not actionable ,Plaintiff's Negligent Failure to Inform claim is still viable requiring a remand to the matter to the district court for resolution of the pending "Failure to Inform Cause of Action".

**PRAYER**

Appellant prays that she be granted the relief requested on the issue presented and the case be Remanded to the Trial Court to resolve the Informed Consent Cause of Action.

*/s/ William T. Hughey*
**Counselors for Appellant**

**CERTIFICATE OF SERVICE**

Undersigned counsel hereby certifies that a true and correct copy of the foregoing Appellant's Brief was served via E-Serve on all Attorney of Record.

*/s/ William T. Hughey*

**CERTIFICATE OF COMPLIANCE**

Undersigned counsel certifies the contents of this brief comply with the Tex .R. App. P. 9.4(i)(3). The number of words in this brief, as calculated by MSWord Count and excluding portions as provided by Tex. R. App. P 9.4(i)(1) is 1,684.

*/s/ William T. Hughey*